Mr. Justice Nott
delivered the opinion of the court:
With regard to the question, whether a judgment can be entered up against a garnishee for default of appearance, it would be-sufficient to say that such has been the practice ever since the-passing of the act authorizing domestic attachments, and if an uniform practice of nearly forty years does not settle the law, we can never know what the law is. And although it does not seem to comport with the letter of the act, groat inconvenience would result from a contrary construction. No judgment could even ever be obtained against a garnishee, after an attachment had been served upon him, if ho could elude the further process of the court. I think therefore that we ought not to disturb a practice which has prevailed so long, and from which no inconvenience has hitherto been felt.
In the case of Faber vs. Bower, (2 Bay, 124,) the court has decided this question, and supported this method of proceeding on a domestic attachment. It is true that case arose under the act of 1788, and the court seem to admit that'the act of 1785, would require a different construction, but that- distinction has never been observed, and I can see no foundation for it, and no good reason can be given why different modes of proceeding should prevail in different parts of the state.
I think however that the garnishee is not liable for the costs recovered against the absent debtor, except when it *226 appears that be, has funds in his hands sufficient for that purpose. i
Oneal 8,- Johnson, for the motion.
Qaldwell, contra.
In those cases they are given by the act, and in no óther.
The motion is therefore refused, except so far as relates to costs.
Justices Huger, Johnson, Gantt and Colcocls, concur-' red